UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John F. Boland

   v.                                          Civil No. 17-cv-172-LM
                                                  Opinion No. 2018 DNH 190

Commissioner of Social Security

**O R D E R**

John Boland seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the decision of the Acting Commissioner of the Social Security Administration, denying his application for disability insurance benefits. Boland moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. Separately, the Acting Commissioner moves to strike Boland's response to her surreply, and Boland moves for leave to file his response nunc pro tunc to the Acting Commissioner's surreply. For the reasons discussed below, Acting Commissioner's motion to strike is granted, Boland's motion for leave to file his response is denied, and the decision of the Acting Commissioner is reversed.

I.    Boland's Response to the Acting Commissioner's Surreply

On January 25, 2018, Boland filed a reply to the Acting Commissioner's motion for an order affirming her decision. See doc. no. 14. On January 30, 2018, the Acting Commissioner filed

a surreply.  See doc. no. 16.  On February 7, 2018, Boland filed a response to the Acting Commissioner's surreply.  See doc. no. 19.

On February 9, 2018, the Acting Commissioner moved to strike Boland's response to her surreply, arguing that the court's local rules do not allow a plaintiff to file a response to a surreply.  See doc. no. 20.  Boland then moved for leave to file his response to the surreply, see doc. no. 21, and filed an objection to the Acting Commissioner's motion to strike, see doc. no. 22, arguing in both filings that the local rules permit his response.

After the parties filed their motions, the court issued an order in another social security case involving the same attorneys and a similar dispute over the local rules.  See Palombo v. Berryhill, No. 17-cv-284-LM, 2018 WL 3118286, at *1 (D.N.H. June 25, 2018).  The court does not repeat that discussion here and refers the parties to that order to the extent they require clarification of the meaning of Local Rule 9.1, which governs social security disability cases.

The Local Rules do not permit Boland to file a response to the Acting Commissioner's surreply.  Therefore, the government's motion to strike Boland's response is granted, and Boland's motion for leave to file his response is denied.

II. Boland's Appeal

A. Standard of Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). The court defers to the ALJ's factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010).

In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(4). The claimant "has the burden of production and proof at the first four steps of the process." Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether she has a severe impairment; and (3) determining whether the impairment

meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite her limitations caused by impairments, id. § 404.1545(a)(1), and her past relevant work, id. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, the ALJ will find that the claimant is not disabled. See id. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ proceeds to Step Five, in which the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment. See id. § 404.1520(a)(4)(v).

B.  Background

A detailed statement of the facts can be found in the parties' Joint Statement of Material Facts (doc. no. 10). The court provides a brief summary of the case here.

On April 10, 2013, Boland filed an application for disability insurance benefits, alleging a disability onset date of October 1, 2012, when he was 47 years old. He alleged a disability due to wrist impairment, back impairment, sleep

4

disorder, ADD/ADHD, learning disorder, anxiety disorder, and major depression disorder.

After Boland's claim was denied, he requested a hearing in front of an ALJ. On March 7, 2014, the ALJ held a hearing, during which Boland testified and was represented by an attorney. On May 27, 2014, the ALJ issued an unfavorable decision. After the Appeals Council affirmed the decision, Boland appealed to this court. On June 12, 2015, the court granted the Acting Commissioner's assented-to motion to remand the case, under sentence four of 42 U.S.C. § 405(g), for further consideration of the opinion of consultative psychologist Dr. Lawrence Jasper and for further consideration of the severity of Boland's learning difficulties.

On November 2, 2015, the ALJ held a supplemental hearing. Boland, who was represented by an attorney at the supplemental hearing, appeared and testified, as did his wife.

On January 22, 2016, the ALJ issued an unfavorable decision. He found that Boland had the following severe impairments: ADD/ADHD, learning disorder, and affective disorder. The ALJ also found that Boland's wrist impairment and back impairment were not severe. He further found that Boland had the residual functional capacity to perform medium work, as defined in 20 C.F.R. § 404.1567(b), with certain limitations as

to his ability to follow instructions and maintain attention and concentration.

Elizabeth C. Laflamme, an impartial vocational expert, testified at the hearing. In response to hypotheticals posed by the ALJ, Laflamme testified that a person with Boland's RFC could perform jobs that exist in significant numbers in the national economy, including janitor, hospital cleaner, and hand packager. Based on Laflamme's testimony, the ALJ found at Step Five that Boland was not disabled.

On October 28, 2016, the Appeals Council denied Boland's request for review, making the ALJ's decision the Acting Commissioner's final decision. This action followed.

C.   Discussion

Boland argues that the ALJ erred in his assessment of Boland's residual functional capacity by improperly evaluating both his mental and physical limitations, which led to an erroneous Step Five finding. He raises several specific challenges, including that the ALJ ignored a portion of the vocational expert's testimony and that he either failed to address or improperly disregarded medical evidence in the record.

1.  <u>Vocational Expert's Testimony</u>

Boland argues that the ALJ erred in his Step Five determination because he ignored a portion of the vocational expert's testimony which shows that Boland could not do any of the three representative jobs upon which the ALJ relied. The Acting Commissioner disputes Boland's argument, contending that the vocational expert's testimony supports the ALJ's Step Five determination.

"In making a disability determination, the ALJ is required to consider all of the record evidence." Lawrence v. Apfel, No. CIV. 99-198-JD, 2000 WL 33667070, at *2 (D.N.H. June 14, 2000). "The opinion of a vocational expert as to whether a claimant is capable of performing work may be relied upon as substantial evidence only if the hypothetical posed to the expert is accurate, based on the record evidence." Id.; see also Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994); Price v. Astrue, No. CIV.A. 11-11207-JGD, 2012 WL 4571752, at *9 (D. Mass. Sept. 28, 2012) ("The opinion of a vocational expert that a Social Security claimant can perform certain jobs qualifies as substantial evidence at the fifth step of the analysis as long as the opinion is in response to a hypothetical that accurately describes the claimant's limitations." (internal quotation marks and citation omitted)).

The ALJ determined that Boland had the RFC to:

> perform medium work as defined in 20 [C.F.R. §] 404.1567(b) and can handle short and simple, but not complex 1-3 step instructions; maintain attention, concentration, persistence and pace for 2-hour increments during an 8-hour workday and a 40-hour work week; work in coordination with others only if such work is a very small part of his job description[;] and can deal adequately with change in a setting that is not [a] fast-paced time, production setting.

Doc. no. 10 at 16. During the vocational expert's testimony, the ALJ asked her whether jobs exist in the economy that a hypothetical individual with that RFC could perform. See Admin. Rec. at 378-79. The vocational expert replied that an individual with that RFC could do the job of a janitor, hospital cleaner, and hand packer, all of which exist in significant numbers in the national economy. The ALJ determined that the vocational expert's testimony was consistent with the information contained in the DOT and found at Step Five that Boland was not disabled.

Boland contends that the ALJ erred by ignoring the remainder of the vocational expert's testimony. Specifically, Boland points to his counsel's questioning of the vocational expert, during which his counsel asked whether an individual with a "general learning ability aptitude" of five would be able to perform the job of a janitor, hospital cleaner, or hand packer. The vocational expert responded that such an individual

8

would not be able to perform those jobs.  See Admin. Rec. at 380-81.

Boland asserts that he submitted material to the ALJ that supports the principle that IQ and general learning ability are equivalent, such that his IQ score is equivalent to a general learning ability aptitude of five.  Specifically, Boland submitted: (1) a section from the U.S. Department of Labor's General Aptitude Test Battery booklet that contains a subsection titled "Intelligence" which defines intelligence as "General learning ability"; (2) an extract from an article written by a psychologist, Arthur Jensen, equating the two concepts; and (3) a letter from a psychologist, Dr. Barbara J. McKim, stating that generally Full-Scale I.Q. is the score that correlates best with general learning ability.

The parties spend much of their briefing arguing over whether and to what degree IQ is the equivalent of general learning ability.[1]  The parties agree that "case law demonstrates that there is disagreement over whether and to what degree general learning ability and IQ are interchangeable." Jenkins v. Colvin, No. 1:14-CV-285-DBH, 2015 WL 5093290, at *2 (D. Me. Aug. 28, 2015).

---

[1] The Acting Commissioner does not dispute that to the extent the two concepts are interchangeable, an IQ in the bottom 10 percent would be equivalent to a general learning ability aptitude of five.

As Boland notes, however, there is a more fundamental issue in this case: the ALJ's failure to address the evidence Boland submitted in support of his position on the issue. At the conclusion of the vocational expert's testimony, the ALJ asked Boland's attorney whether the ALJ had the complete record. Boland's attorney stated that he wanted to make sure the ALJ had the letter from Dr. McKim, as well as the other documents referenced above, which were included as attachments with Dr. McKim's letter. Boland's attorney stated that it was "a pretty important piece of evidence" and that the equivalence of IQ scores and general learning ability aptitude is "a pretty big issue in the case." Admin. Rec. at 382. The ALJ responded: "All right, I will look at it." Id. at 383.

A residual functional capacity assessment must be "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). Evidence may include descriptions and observations provided by persons who are not medical sources. Id. An ALJ must consider all the record evidence in making his decision, including opinions and evidence from sources who are not "acceptable medical sources."[2] SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2006).

---

[2] The Commissioner rescinded SSR 06-03p effective for claims filed on or after March 27, 2017. See Rescission of Social Security Rulings 96-2p, 96-5p, and 06-3p, 82 Fed. Reg. 15263, 15263 (Mar. 27, 2017). SSR 06-3p was in effect as of the date of the ALJ's decision.

10

On the other hand, however, "while the ALJ must consider the entire record, he is 'not required to discuss each piece of evidence in the record specifically.'" Sullivan v. Colvin, No. 14-13772-LTS, 2015 WL 5613163, at *5 (D. Mass. Sept. 24, 2015) (quoting Goncalves v. Astrue, 780 F. Supp. 2d 144, 149 (D. Mass. 2011)); see also Santiago v. Sec'y of Health & Human Servs., 46 F.3d 1114, 1995 WL 30568, at *4 (1st Cir. Jan. 25, 1995) (unpublished decision). Despite that rule of leniency, an ALJ is not free to ignore relevant record evidence. Nguyen, 172 F.3d at 35; Bica v. Astrue, No. 11-cv-86-JD, 2011 WL 5593155, at *7 (D.N.H. Nov. 17, 2011) ("An ALJ may not ignore relevant evidence, particularly relevant evidence that supports the claimant's application.").

It is clear from the vocational expert's testimony that if Boland's IQ equates to a general learning ability aptitude of five, he could not perform any of the jobs upon which the ALJ based his Step Five determination. Although Boland did not offer expert testimony on the question, he submitted documentary evidence that he urged the ALJ to review as support for his contention that his IQ equates to that general learning ability aptitude. Boland's counsel stressed the importance of both the issue and the documentary evidence that he submitted in support of his contention. The ALJ stated, "I will look at it."

Despite this record, the ALJ's decision does not mention either the issue or the evidence.  The court cannot discern, therefore, whether the ALJ reviewed the documentary evidence or considered the issue.  As the issue is potentially dispositive on the ALJ's RFC assessment, it is worthy of mention.  Thus, it is unreasonable to conclude from the ALJ's silence—particularly on this unique record—that he necessarily rejected the evidence and deemed it unworthy to address.

"'[F]ailure of the [ALJ] . . . to provide the reviewing court with the sufficient basis to determine that the [ALJ] applied the correct legal standards are grounds for reversal.'" Linehan v. Berryhill, 286 F. Supp. 3d 257, 262 (D. Mass. 2017) (quoting Weiler v. Shalala, 922 F. Supp. 689, 694 (D. Mass. 1996)).  "The ALJ cannot reject evidence for no reason, or for the wrong reason, and must explain the basis for his findings. Failure to provide an adequate basis for the reviewing court to determine whether the administrative decision is based on substantial evidence requires a remand to the ALJ for further explanation."  Crosby v. Heckler, 638 F. Supp. 383, 385-86 (D. Mass. 1985); accord King v. Colvin, 128 F. Supp. 3d 421, 441 (D. Mass. 2015); see also Dumont v. Berryhill, No. 16-11502-JGD, 2017 WL 6559758, at *8 (D. Mass. Dec. 22, 2017).

For this reason, the court is unable to determine whether the ALJ's decision is based on substantial evidence. Therefore, the case must be remanded for further proceedings.

2. Remaining Issues

In light of the foregoing, the court need not address Boland's remaining claims of error. The ALJ may address those issues, if necessary, upon remand.

**CONCLUSION**

For the foregoing reasons, the plaintiff's motion to reverse (doc. no. 6) is granted, and the Acting Commissioner's motion to affirm (doc. no. 11) is denied. The plaintiff's motion for leave to file a response (doc. no. 21) is denied and the Acting Commissioner's motion to strike (doc. no. 20) is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 18, 2018

cc: Counsel of Record