UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John F. Boland

    v.                                             Civil No. 17-cv-172-LM
                                                      Opinion No. 2021 DNH 166 P

Kilolo Kijakazi, Acting
Commissioner of Social Security

**O R D E R**

Under 42 U.S.C. § 406(b), Attorney Alexandra Jackson seeks $14,399.50 in attorney fees for her successful representation of Social Security claimant John Boland. Doc. no. 32. The Acting Commissioner of Social Security,[1] in her capacity as quasi-trustee of Boland's awarded benefits, does not object to an award of attorney fees, but asserts that there is a question as to the timeliness of the request and that the court should examine whether the requested fee is reasonable. For the following reasons, the court finds that Attorney Jackson's request for attorney fees is timely and that the requested fee is reasonable. Accordingly, counsel's motion for attorney fees is granted in the amount of $14,399.50.

**BACKGROUND**

Boland filed an application for disability insurance benefits in 2013. Boland's application was initially denied, and he ultimately challenged the denial in this

---

[1] The court has automatically substituted Kilolo Kijakazi, as Acting Commissioner of Social Security, for Andrew Saul, former Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

court. The court granted Boland's motion to reverse, and it remanded the matter to the Social Security Administration ("SSA"). Judgment was entered on September 25, 2018. After further administrative proceedings on remand, an administrative law judge issued a fully favorable decision to Boland and awarded him $57,598 in past due benefits as well as ongoing benefits until he reaches his full retirement age. Boland's benefits, including ongoing benefits until he reaches retirement age, will total about $135,000. Boland was informed of the decision by a "notice of award," which he received on June 14, 2021. See doc. no. 32-1. Attorney Jackson filed the present motion for attorney fees on July 7, 2021.

## DISCUSSION

Attorney Jackson requests payment of attorney fees totaling 25% of Boland's past-due benefits, a total request of $14,399.50. The Acting Commissioner does not object to the request for attorney fees, but she identifies a potential issue with the timeliness of Attorney Jackson's motion and requests an evaluation of the reasonableness of the amount. Attorney Jackson filed a reply.

I.  Timeliness

The Acting Commissioner states that Federal Rule of Civil Procedure 54(d)(2)(B) requires that motions for attorney fees be filed no later than 14 days after the entry of judgment, and she observes that the motion here would be around two-and-a-half years late under that rule. The Acting Commissioner, however,

acknowledges that several appellate courts have held that applying Rule 54(d)(2)(B) strictly produces unfair and unintended results on counsel who seek fees under § 406(b).

The court agrees that applying Rule 54(d)(2)(B) strictly would be patently unfair to counsel. Unless a court order or statute provides otherwise, Rule 54(d)(2)(B) requires that motions for attorney fees be filed within 14 days of the court's judgment. In most social security cases, judgment is entered when the district court remands the matter to SSA for a determination of the amount of the claimant's benefits, which typically takes longer than 14 days. However, the maximum amount of an attorney fees award under § 406(b) is determined by reference to the claimant's final award of past-due benefits. See 42 U.S.C. § 406(b) (stating that court may allow a "reasonable fee" for representation of a successful claimant "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled"). Therefore, under only the most uncommon circumstances would claimants' counsel be able to recover attorney fees if Rule 54(d)(2)(B)'s 14-day time limitation is applied without exception.

Here, the court entered judgment in this case on September 25, 2018, so, if Rule 54(d)(2)(B) is applied without exception, the time counsel could have filed her motion for attorney fees expired 14 days later. But Attorney Jackson could not have filed a successful motion for attorney fees under § 406(b) until she and Boland knew the amount of benefits Boland would receive, which did not occur until June 14,

2021.[2] Indeed, less than a month later, on July 7, Attorney Jackson filed the motion presently before the court.

The First Circuit has not addressed whether and how courts should apply Rule 54(d)(2)(B) to motions for attorney fees under § 406(b). Every circuit that has addressed that issue has provided or suggested some method to avoid the unfair results created by applying Rule 54(d)(2)(B)'s 14-day limit. See, e.g., Walker v. Astrue, 593 F.3d 274, 279 (3d Cir. 2010) (describing the result of strictly applying Rule 54 to attorneys' fees under § 406(b) as leading to "absurd outcome[s]," working "patent injustice[s]," and undermining the Congressional purpose "in providing for fees in the first place"). Despite their universal agreement that Rule 54(d)(2)(B) should not be strictly applied under these circumstances, the circuits vary on when, exactly, a motion under § 406(b) is timely filed. Moreover, some of these methods would result in Attorney Jackson's motion being untimely, while others would not.

For example, the Second and Third Circuits apply Rule 54(d)(2)(B) but provide for "equitable tolling" of the 14-day filing period until counsel receives the notice of award. Sinkler v. Berryhill, 932 F.3d 83, 87-88 (2d Cir. 2019); Walker, 593 F.3d at 279-80. Under this approach, Attorney Jackson's motion would be untimely because she filed it more than 14 days after she received notice of the award.

---

[2] Both the Acting Commissioner and Attorney Jackson agree that notice of the award was not received until June 14, 2021, even though the award was issued on June 8, 2021. See doc. nos. 32-1 at 1, 33 at 3, 34 at 2.

The Eleventh Circuit also applies Rule 54(d)(2)(B), but without the equitable tolling component; instead, it recommends that counsel move for extensions of the 14-day filing period as a matter of course. Bergen v. Comm'r of Social Sec., 454 F.3d 1273, 1277-78 & n.2 (11th Cir. 2006); but see Blitch v. Astrue, 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008) (unpublished opinion) (acknowledging that the Bergen solution has not been "universally workable" and suggesting that courts issue general orders or local rules to resolve the problem). The Fifth Circuit likewise applies Rule 54(d)(2)(B), but recognizes that the 14-day period may be modified by court order. See Pierce v. Barnhart, 440 F.3d 657, 663 (5th Cir. 2006) (holding that district court abused its discretion by denying motion under § 406(b) as untimely after court denied as premature the same motion when it was filed prior to award of benefits). And, finally, the Tenth Circuit simply declines to apply Rule 54 to § 406(b) motions. McGraw v. Barnhart, 450 F.3d 493, 504 (10th Cir. 2006). Instead, the Tenth Circuit looks to Federal Rule of Civil Procedure 60(b)(6)—which allows a court to relieve a party or "legal representative" from a "final judgment, order, or proceeding" for reasons that "justify relief"—and provides that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. at 505. Under each of these approaches, Attorney Jackson's motion for attorney fees could be either untimely or timely, depending on the court's evaluation of whether an extension is justified or whether the delay in filing the motion was reasonable.

In this case, this court need not and does not endorse any particular approach.[3] The circumstances of this case warrant sua sponte granting an extension of time to counsel to whatever extent necessary to make her motion timely. See Fed. R. Civ. P. 54(d)(2) (stating that the motion must be made within 14 days after the entry of judgment unless "a court order provides otherwise"). Attorney Jackson's delay in filing her motion for attorney fees was not significant relative to when she learned the amount of attorney fees that could be claimed under § 406(b). Indeed, counsel filed her motion within the acceptable time for filing the same motion in the District of Maine, which has set a 30-day time period for filing motions under § 406(b) by local rule. See Weimer v. Commissioner, 2016 WL 1069948, at *1 (D. Me. July 20, 2010) (applying District of Maine Local Rule 54.2, which sets a 30-day deadline from the date of the Commissioner of Social Security's notice of award). And, in her response to the motion for attorney fees, the Acting Commissioner does not supply information to suggest that the timing of the motion prejudiced the claimant nor does it take a position about the appropriate outcome. Doc. no. 33 at 3 (discussing various existing approaches to handling the deadline issue, taking no position on the appropriate way to address it, and stating that she "merely points out these factors for the Court's consideration"). As the

---

[3] Endorsing one approach over others could lead to more confusion and uncertainty among practitioners in the District of New Hampshire because the decision would be, at best, nonbinding persuasive authority and the appropriate timing for filing a motion for attorneys' fees under § 406(b) might then vary not only among the different circuits, but among the judges in this district.

Acting Commissioner observes, the timing of the motion does not contravene any existing local rule of the District of New Hampshire or First Circuit precedent.  And any mistake that Attorney Jackson made in determining the necessary timing for filing a motion for attorney fees was reasonable considering the general lack of clarity about what the time period for filing such a motion should be.

For those reasons, the court sua sponte grants Attorney Jackson an extension of time, to the extent necessary, for her motion for attorney fees under § 406(b) filed on July 7, 2021.  Considering this extension of time, the court finds that counsel's motion for attorney fees was timely filed.

II.     Reasonableness of Amount

The Acting Commissioner also requests that the court examine whether the amount of Attorney Jackson's fee request is reasonable, although the Acting Commissioner does not take a position on reasonableness.  Attorney Jackson argues that her fee request is reasonable considering the number of hours that went into the case and comparable awards in other cases.

In social security cases where the court issues a judgment favorable to a claimant, claimant's counsel may recover fees for their work before the court so long as the amount is within the 25 percent of the total of claimant's past-due benefits and is reasonable.  See 42 U.S.C. § 406(b); Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002); Levesque v. Saul, No. 18-cv-420-LM, 2020 WL 4350730, at *3 (D.N.H. July

29, 2020).[4] In the absence of an enforceable fee agreement, as in this case,[5] the court applies a "blended" approach to determine whether a requested fee is reasonable. See Levesque, 2020 WL 4350730, at *3 (applying blended approach after finding that submitted fee agreement was not enforceable as to § 406(b) fees); Mounce v. Colvin, No. 10-cv-560-PB, 2016 WL 4444710, at *2 (D.N.H. Aug. 13, 2016) (same). First, the court calculates a baseline lodestar amount from counsel's record of billed time and her statement of her hourly billing charge. Levesque, 2020 WL 4350730, at *3. Next, the court considers the factors set forth in Gisbrecht. Id. "In Gisbrecht, the United States Supreme Court held that courts should consider several factors when determining whether a fee award is reasonable: (1) the character of representation; (2) the results achieved; (3) whether the attorney is responsible for a delay and will profit from an accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the amount of time counsel spent on the case." Id. at *2; Gisbrecht, 535 U.S. at 808.

    A.    <u>Applicability of "Blended" Approach</u>

As an initial matter, counsel for Boland contends that the blended approach is inappropriate after Gisbrecht. Gisbrecht, however, only rejected the practice of

---

[4] The requested fee of $14,399.50 is 25% of the past-due benefits awarded to Boland, which totaled $57,598.

[5] Attorney Jackson did not submit any fee agreement for the court's consideration and does not contend that any fee agreement between her and Boland existed.

displacing fee agreements in favor of the lodestar method.  See 535 U.S. at 802-04, 808-09.  Where an enforceable fee agreement exists, Gisbrecht holds, the court should evaluate the reasonableness of a requested fee by looking to the agreement rather than a lodestar figure.  See id. at 809 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  Nonetheless, comparing counsel's requested fee to a lodestar figure can be an important tool when evaluating the reasonableness of fee request under § 406(b), particularly in the absence of a fee agreement that would typically provide the baseline for analysis.  See id. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.").  Accordingly, this court maintains the blended approach in cases where there is no enforceable fee agreement.

      B.     Lodestar Figure and Gisbrecht Factors

At the district court level, counsel spent 23 hours of attorney time, which she billed at $200.35 per hour, and 17.7 hours of paralegal time, which were billed at $105 per hour.  The lodestar figure—the total amount of reported hours multiplied by the applicable billing rates—is $6,466.55.  However, the court also notes Attorney Jackson's observation that her hourly rate billed in this case is well below

the usual and customary rate for an attorney with her experience in the Portland, Maine area, which she states would be $350 per hour.

The first three Gisbrecht factors—the character of representation, the results achieved, and attorney responsibility for any delay—support increasing counsel's fee from the lodestar amount. Counsel's work before this court was skillful and effective as it resulted in remand to the SSA and a considerable total award—over $135,000—in Boland's favor. There is no suggestion that counsel engaged in any tactics to increase her fee.

The fourth factor, which is whether the requested fee is large in comparison to the amount of time counsel spent on the case, does not weigh against counsel. Taking the requested $14,399.50 fee and dividing it by the 23 hours of attorney time yields an effective hourly rate of $626.07, which is higher than the billed rate but not exorbitantly so. Moreover, when the significant paralegal time billed in this case is included in the calculation, bringing the total amount of time spent to 40.7 hours, the effective hourly rate becomes approximate to counsel's claimed usual and customary rate of $350. See Siraco v. Astrue, 806 F. Supp. 2d 272, 278 (D. Me. 2011) (discussing reasons to consider paralegal time spent on a case in evaluating reasonableness of requested fee under § 406(b) and concluding that "the reasonableness review contemplated by Gisbrecht has to do with the entire fee, compared to the services rendered, and is not limited to the hours put in by someone admitted to the bar"). And, as both Attorney Jackson and the Acting Commissioner point out, the requested fee is within the range of fees previously

approved by the court even where counsel spent less time on the case.  See, e.g., Levesque, 2020 WL 4350730 at *3 (awarding $11,120 where counsel and paralegal billed 15.5 hours representing claimant before the district court); Giles v. Saul, No. 17-cv-659-PB, 2020 WL 836736, at *4 (D.N.H. Feb. 20, 2020) (awarding $13,280 where counsel and paralegal billed 17.5 hours representing claimant before the district court); Mounce, 2016 WL 4444710, at *3 (awarding $21,900 where counsel spent 43.80 hours representing claimant before the district court).  Cut in any direction, counsel's requested fee is a reasonable increase over the lodestar figure and in comparison to the time spent on the case.  For those reasons, the court finds that counsel's requested fee of $14,399.50 is reasonable.

## CONCLUSION

The court grants Attorney Jackson's motion for attorneys' fees (doc. no. 32) in the amount of $14,399.50.  As Attorney Jackson acknowledges she is required to do in her motion, the court directs Attorney Jackson to refund the fee of $5,000 she received under the Equal Access to Justice Act.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 19, 2021
cc:  Counsel of Record